UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MEDICAL ASSOCIATES OF VILLE PLATTE L L C ET AL** | **CASE NO. 6:20-CV-00995** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BERKSHIRE HATHAWAY GUARD INSURANCE COMPANIES** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 39] filed by defendant Amguard Insurance Company ("Amguard") and seeking dismissal of the claims of plaintiff Eduardo Alvarez. Alvarez opposes the motion. Doc. 41. Also before the court is a Motion for Summary Judgment [doc. 43] filed by Amguard and seeking dismissal of the claims of plaintiff Medical Associates of Ville Platte, LLC ("Medical Associates") for policy cancellation and violation of discovery orders. Medical Associates opposes the motion. Doc. 45.

### I.
#### BACKGROUND

This suit arises from a water leak that occurred at a building owned by plaintiff Medical Associates in Ville Platte, Louisiana, on or about May 4, 2019. *See* doc. 1, att. 4 (original complaint). The building comprises nine individual suites, occupied by doctors who are members of Medical Associates as well as other providers. Dr. Eduardo Alvarez, who is a member of Medical Associates, occupied Suite 9. At that time both Medical

Associates and Alvarez had in place insurance policies with defendant Amguard, covering the property at Suite 9. Doc. 39, att. 4; doc. 41, atts. 2 & 4. The policy purchased by Dr. Alvarez covered only Suite 9 and did not cover structural damage to the building, while the policy purchased by Medical Associates covered the entire building. *See* doc. 41, atts. 2 & 4.

Dr. Alvarez and Medical Associates filed suit against Berkshire Hathaway Guard Insurance Companies, later amending the petition to identify Amguard as the correct insurer, in the 13th Judicial District Court, Evangeline Parish, Louisiana. Doc. 1, att. 4. There they alleged that defendant breached the policy by unilaterally cancelling it in April 2019 without proper notice, due to a mistake regarding payments. *Id.* at 2. Due to this cancellation and the ensuing water damage to the building, plaintiffs continued, they had incurred damages in the nature of (1) monies owed to mitigation companies to repair the damage and (2) lost wages incurred by Alvarez due to the time his office could not be used. *Id.* at 3. In their Second Supplemental and Amending Petition, plaintiffs further alleged that defendant was liable for "loss/damage of building contents" and punitive damages. Doc. 41, att. 3, p. 3.

The case was removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Amguard now moves for summary judgment on Alvarez's claims, arguing that Alvarez has been fully compensated for business interruption and damages to his suite and has no other basis for recovery against Amguard. Doc. 39. Alvarez opposes the motion, asserting that he has not been compensated for structural damage to the suite as owed under the policy issued to Medical Associates. Doc. 41. Amguard also moves for summary

judgment on Medical Associates' claims, asserting that policy was properly cancelled before the loss for non-payment and that the suit should also be dismissed due to non-compliance with discovery orders, namely plaintiffs' failure to pay attorney fees ordered on a motion to compel and to schedule witnesses for deposition. Doc. 43, att. 1. Plaintiffs allege that the policy was not voided because they did not receive adequate notice of cancellation, and that their conduct in discovery does not warrant dismissal. Doc. 45.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy must be given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050).

### A. Alvarez's Claims

The policy issued to Dr. Alvarez personally pertains only to Suite 9 and offered the following types of coverage: awning, business personal property, liability, accounts

receivable, debris removal, equipment breakdown, money and securities, ordinance or law – increased cost of construction, outdoor property, outdoor signs, professional office, and valuable paper and records. Doc. 41, att. 2, pp. 2–3. The policy issued to Medical Associates, on the other hand, applies to the entire building, including Suites 1 through 9, and includes "building coverage" at replacement cost with a policy limit of $2.24 million. Doc. 41, att. 4, p. 7.

Amguard made payments to Dr. Alvarez under his personal policy totaling $40,957.13, through his coverage for wet rot, personal property, and lost wages. Doc. 39, att. 4. At the deposition and since that time, he has not articulated any other sums owing under that policy. In his opposition to the motion for summary judgment, he agrees that the payment was sufficient. Doc. 41, p. 3. However, he maintains that he has not been fully compensated for his losses because he of the structural damage to Suite 9. Specifically, he asserts:

> Dr. Eduardo L. Alvarez has only received payments from his personal insurance policy, which bears policy no. EDBP946594, specifically the above-mentioned damages. Dr. Alvarez has not been made whole from the structural damage that occurred in Suite 9. The policy on behalf of Medical Associates of Ville Platte, LLC, which bears policy no. MEBP947025, is the actual policy that is to cover the structural damage that occurred in Suite 9.

*Id.*

Under Louisiana law a member of a limited liability company "is not a proper party to a claim by or against [the LLC], except when the object is to enforce such a person's rights against or liability to the [LLC]." La. Rev. Stat. § 12:1320(C); *see, e.g.*, *Cowboy Mouth L.L.C. v. Monkey Hill Productions, Inc.,* 1999 WL 35303, at *2 (E.D. La. 1999)

(plaintiff members of LLC were not proper parties to suit for damages for breach of contract and other tortious acts); *Metro Riverboat Assocs., Inc. v. Bally's La., Inc.*, 779 So.2d 122, 125 (La. Ct. App. 4th Cir. 2001) (LLC member had no legal capacity to file a breach of contract suit on behalf of company because they are separate legal entities). Additionally, to state a claim for relief based on an insurance policy a plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of that policy. *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017) (internal citations omitted). The final category is created through a "stipulation *pour autrui*" under Louisiana law, which is never presumed and must be proven by the party claiming the benefit. *Joseph v. Hosp. Svc. Dist. No. 2 St. Mary Par.*, 939 So.2d 1206, 1212 (La. 2006). To this end, he must show that (1) the contract manifests a clear intention to benefit the third party; (2) there is certainty as to the benefit provided; and (3) the benefit is not merely an incident of the contract. *Id.* at 1212–1213.

Dr. Alvarez has admitted that he has no remaining claims on the policy where he is a named insured, and he has no capacity to sue on the LLC's behalf on the other policy. He has not alleged, much less proven, that he is a recipient of a stipulation *pour autrui* under this policy. Accordingly, his claims should be dismissed.

### B. Medical Associates' Claims

As for the claims brought by Medical Associates, Amguard moves to dismiss same either on the grounds that the policy was cancelled for nonpayment before the date of loss or that the claims should be dismissed as a sanction for plaintiff's conduct in discovery.

On the first basis, Dr. Alvarez signed documents in his capacity as representative of Medical Associates obtaining the policy with Amguard. *See* doc. 43, att. 4, p. 11. The policy provides one year of coverage beginning on August 7, 2018, in exchange for a total premium of $5,877.00 payable through a down payment of $1,175.40 and "9 monthly installment(s)." *Id.* at 3, 5. Dr. Alvarez testified that they did not receive any statements from the insurer and so they paid the installments in varying amounts, including one check for $8.20 on March 6, 2019.[1] Doc. 43, att. 3, p. 4. On March 15, 2019, Amguard mailed a notice of cancellation to Medical Associates, terminating the policy effective March 30, 2019, due to nonpayment of the premium. Doc. 43, att. 5. The cancellation notice did not specify the outstanding balance, and Medical Associates asserts that it only learned of the cancellation after a $700 premium payment made in April 2019 was returned. *Id.*; *see* doc. 45, att. 4.

Amguard asserts that its cancellation notice complied with Louisiana law, which does not require proof of receipt before the notice becomes effective. La. Rev. Stat. 22:1267; *see Henderson v. Geico Gen. Ins. Co.*, 837 So.2d 736 (La. Ct. App. 2d Cir. 2003). It further maintains that Medical Associates' subsequent $700 payment was not enough to reinstate coverage. The court finds, however, that issues of material fact exist as to whether cancellation was proper in the first place. The relevant communications presented do not specify the amounts or due dates of the installments, and Amguard fails to refute Dr.

---

[1] In its response Medical Associates asserts that it also paid the down payment of $1,175.40 as well as five other installments in amounts between $1,704.80 and $400.00 between August 7, 2018, and February 5, 2019, representing $4,730.80 paid toward the $5,877.00 premium by the date of cancellation. Though the notice does not provide any information on the outstanding balance, Medical Associates' insurance agent stated in his unsworn declaration that it was due to "a pending payment of $120.00." Doc. 45, att. 4, ¶ 8.

Alvarez's testimony that Medical Associates never received an invoice. Accordingly, there is no basis for the court to conclude that termination of the policy was proper in the first instance. Summary judgment will be denied on this basis.

Finally, Amguard moves for dismissal of the suit as a sanction for Medical Associates' failure to (1) pay the attorney fees assessed when Amguard prevailed on a Motion to Compel and (2) schedule the depositions of the other three physician-owners of the LLC. Doc. 43, att. 1. In response Medical Associates states that Amguard's counsel stated after the hearing on the motion to compel that he was not worried about the attorney fees at that time, and that counsel instead discussed those as part of a potential settlement. Doc. 45. Medical Associates also asserts that Dr. Alvarez was the contact person for the insurance policy at issue. Dr. Monier was scheduled to be deposed on the same day but had a medical emergency and can be rescheduled if Amguard desires. Finally, Medical Associates states that Amguard's counsel asserted that he would schedule the depositions on his own if he did not receive dates by a deadline that has now passed, but that he has yet to do so. Amguard maintains that all of the above is inadmissible hearsay. Even disregarding these responses, however, the court finds that none of the conduct alleged by Amguard warrants dismissal of Medical Associates' claims. The parties should instead attempt to resolve their discovery disputes amicably, and have adequate time to do so in advance of the trial set for July 28, 2022. Failing that, they should return to the magistrate judge for another round of motion practice.

## IV.
### Conclusion

For the reasons stated above, the Motion for Summary Judgment [doc. 39] regarding the claims of Dr. Alvarez will be **GRANTED** and the Motion for Summary Judgment [doc. 43] regarding the claims of Medical Associates will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 6th day of April, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**